IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONY AND JENNIE PUNCH, as Parents and Natural Guardians of Lincoln Punch, a minor, and in their own right,<br>　　　　　　Plaintiffs<br><br>　　　　v.<br><br>DOLLAR TREE STORES, INC.,<br>　　　　　　Defendant. | Civil Action No. 12-154 Erie<br><br>District Judge McLaughlin<br>Magistrate Judge Baxter |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.　　RECOMMENDATION

It is respectfully recommended that Defendant's (partial) motion to dismiss Plaintiff's first amended complaint [ECF No. 13] be denied.

## II.　　REPORT

### A.　　Relevant Procedural and Factual History

Plaintiffs Tony and Jennie Punch, as parents and natural guardians of Lincoln Punch, a minor ("Minor Plaintiff"), and in their own right, initiated this civil action against Defendant Dollar Tree Stores, Inc., to recover damages for injuries suffered by the Minor Plaintiff after he ingested button batteries that were allegedly contained in a pair of lighted tweezers allegedly purchased from one of Defendant's retail stores. Plaintiffs' filed the original complaint [ECF No. 1] on July 6, 2012, and subsequently filed a first amended complaint [ECF No. 12] on October 1, 2012. The first amended complaint supersedes the original complaint and serves as the operative pleading in this case.

In their first amended complaint, Plaintiffs allege that Plaintiff Jennie Punch purchased a

pair of lighted tweezers, powered by button batteries, from one of Defendant's retail stores. (ECF No. 12 at ¶ 7). On or about April 12, 2011, one of the Minor Plaintiff's older siblings was using and/or handling the tweezers when the button batteries came out, and the Minor Plaintiff was "caused to ingest" the batteries "after being given these by his older sibling." (Id. at ¶¶ 4-6). The button batteries ingested by the Minor Plaintiff became lodged in his trachea and stomach and caused "substantial damage to his body before being surgically removed." (Id. at ¶ 20). In particular, the Minor Plaintiff lost all of his toes on both feet, his left forefoot, portions of all of his fingers on his right hand, and portions of four of his fingers on his left hand. (Id. at ¶ 21). In addition, the Minor Plaintiff allegedly suffered other injuries, including kidney, cardiac, and gastrointestinal damage. (Id. at ¶¶ 22-23).

According to Plaintiffs, the tweezers did not include any packaging, warnings, or instructions indicating that the tweezers contained button batteries that could be easily accessed and/or removed by children, or that they should be kept out of the reach of children and should not be used or handled by children. (Id. at ¶ 10). As a result, Plaintiffs allege that they were unaware that the subject tweezers were unsafe to be used by children. (Id. at ¶ 11). Plaintiffs allege further that the tweezers were "improperly designed and constructed, such that the button batteries could be easily accessed and removed by anyone, including young children." (Id. at ¶ 16). They also allege that alternative designs of the tweezers that would have restricted and prevented a child from accessing the battery compartment were "feasible, available, and would have required no extra cost in manufacturing the tweezers." (Id. at ¶¶ 17-18).

Based on the foregoing, Plaintiffs claim that the subject tweezers sold by Defendant "were dangerous and defective in that they contained button batteries, they failed to restrict access to the button batteries, failed to contain appropriate warnings or instructions, and failed to adequately protect and hold the button batteries." (Id. at ¶ 24). Thus, Plaintiffs seek to hold Defendant strictly liable for the sale of the subject tweezers. In addition, Plaintiffs claim that Defendant "was also negligent and careless in selling this product without any warnings or

2

instructions and without alerting customers to the potential dangers of button batteries." (Id. at ¶ 25).

Defendant has filed a motion to dismiss the first amended complaint [ECF No. 13], by which Defendant seeks to have Plaintiff's strict liability claim dismissed for failure to state a claim upon which relief may be granted.[1]  Plaintiff has filed a response and brief in opposition to Defendant's motion [ECF Nos. 15, 16], and Defendant has filed a reply to Plaintiff's opposition. [ECF No. 18].  This matter is now ripe for consideration.

### B.     Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).  See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp.,

---

[1] Although not set forth in the caption of Defendant's motion, it is clear that the motion is only a partial motion to dismiss, as it merely seeks dismissal of one of Plaintiff's two claims in this case.  The remaining claim asserting Defendant's negligent failure to warn remains unaffected.

394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).  "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

Recently, the Third Circuit Court prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'  Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'  Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster

Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

**C.    Discussion**

**1.    Pennsylvania's Strict Liability Law**

Before addressing the merits of Plaintiff's strict liability claim, it is necessary to determine the applicable law. Pursuant to 28 U.S.C. § 1652, the substantive law of the Commonwealth of Pennsylvania applies; however, the Pennsylvania Supreme Court has not yet ruled on whether the more recently completed Restatement (Third) of Torts now governs the analysis of products liability claims, rather than the analysis under the Restatement (Second) of Torts that was commonly followed by Pennsylvania courts prior to the completion of the Restatement (Third). This has led to a sharp split in our District on which Restatement of Torts applies in Pennsylvania strict product liability actions. *Compare* Konold v. Superior Intern. Ind., Inc., __ F.Supp.2d __, 2012 WL 5381700, *6 (W.D.Pa. Oct. 31, 2012)(Schwab, J.) (applying Restatement (Second) of Torts to a strict liability claim) and Gross v. Stryker Corp., 858 F.Supp.2d 466, 479-80 (W.D.Pa. 2012)(Fischer, J.) (same) *with* Zollars v. Troy-Built, LLC, 2012 WL 4922689, *3 (W.D.Pa. Oct. 16, 2012)(Ambrose, J.) (applying Restatement (Third) of Torts to strict liability claim); Lynn ex rel Lynn v. Yamaha Golf-Car Co., ___ F.Supp.2d ___, 2012 WL 3544774, at *12 (W.D.Pa. Aug 16, 2012)(Hornak, J.) (same); and Spowal v. ITW Food Equip. Group LLC, 2012 U.S. Dist. LEXIS 47614, *1-2 (W.D.Pa. Apr. 4, 2012)(Cohill, J.) (same).

The confusion and disagreement on this issue is vividly displayed in this case, as

Plaintiffs argue for the application of Restatement (Third) of Torts, while Defendant asserts that Restatement (Second) of Torts remains the applicable law in Pennsylvania. "The question of which Restatement governs is important because the Restatement (Third) differs notably from its predecessor by integrating certain negligence-based foreseeability concepts into its analysis. Restatement (Third) of Torts, Products Liability § 1 cmt. a. In contrast, Pennsylvania's products liability structure under the Restatement (Second) forbids a court to consider negligence principles." Lynn, 2012 WL 3544774, *10(citing Carrecter v. Colson Equip. Co., 346 Pa.Super. 95, 499 A.2d 326, 330 (Pa.Super.Ct.1985) (quoting Berkebile v. Brantly Helicopter Corp., 462 Pa. 83, 337 A.2d 893, 900 (Pa.1975)).

When the Pennsylvania Supreme Court is silent regarding a state law issue, the federal courts must predict how that Court would resolve that issue. See Holmes v. Kimco Realty Corp., 598 F.3d 115, 118 (3d Cir. 2010). "When the federal court issuing the prediction is our Court of Appeals, the district courts in this Circuit are to apply its predictive holding to legal questions arising under that particular state law 'unless the state supreme court issues a contrary decision.'" Lynn, 2012 WL 3544774, *11(quoting Largoza v. Gen. Elec. Co., 538 F.Supp. 1164, 1166 (E.D.Pa. 1982)).

In Berrier v. Simplicity Mfg., Inc., 563 F.3d 38, 53-54 (3d Cir. 2009), *cert. denied*, __ U.S. __, 130 S.Ct. 553 (2009), the Third Circuit was presented with the issue of whether, under Pennsylvania law, the Restatement (Second) or (Third) of Torts governed distributors' potential liability for injuries to unintended users of their products. After reviewing Pennsylvania appellate decisions regarding bystander liability, particularly Justice Saylor's concurrence in

Phillips v. Cricket Lighters, 576 Pa. 644, 841 A.2d 1000 (Pa.2003), the Third Circuit concluded that the Pennsylvania Supreme Court would adopt Sections 1 and 2 of the Restatement (Third) of Torts to determine whether an injured, unintended consumer could recover from the product's distributor. Berrier, 563 F.3d at 49-54. The Third Circuit thus directed district courts in this Circuit to apply the Restatement (Third) of Torts in cases that require the application of Pennsylvania products liability law. Id. at 57.

Two years later, when faced with the question of whether a district court properly admitted certain evidence and instructed a jury pursuant to the Restatement (Third) of Torts in a diversity suit involving the alleged defective design of a bicycle helmet, the Third Circuit concluded that the "state of [Pennsylvania products liability law] is no different now than it was when we decided *Berrier.*" Covell v. Bell Sports, Inc., 651 F.3d 357, 360 (3d Cir.2011), *cert. denied*, __ U.S. __, 132 S.Ct. 1541 (2012). The *Covell* court thus reiterated that "federal district courts applying Pennsylvania law to products liability cases should look to sections 1 and 2 of the Restatement (Third) of Torts." Id. at 359.

After *Covell,* the Pennsylvania Supreme Court had the opportunity to clarify its position on this issue in Beard v. Johnson and Johnson, Inc. 41 A.3d 823 (Pa.2012). Writing for the majority, Justice Saylor again recognized the "continuing state of disrepair in Pennsylvania strict-liability design defect law." Id. at 836. Nonetheless, while the appellee in *Beard* invited the court to adopt the Restatement (Third) of Torts, the court did not accept or decline that invitation. Id. Moreover, the *Beard* decision is devoid of any determination, holding or even persuasive *dicta* clearly and directly contrary to *Covell* regarding the applicable law governing Pennsylvania

7

products liability cases. Because the Pennsylvania Supreme Court in *Beard* did not affirmatively disavow the premise of the *Covell* decision, this Court is compelled to apply the Third Circuit's predictive holding and will rely upon Sections 1 and 2 of the Restatement (Third) of Torts here.[2]

### 2. Strict Liability Analysis Under Restatement (Third) of Torts

Under the Restatement (Third) of Torts, strict liability attaches to a commercial seller of a product that inflicts harm on a person because of a defect. Berrier, 563 F.3d at 54 (quoting Restatement (Third) of Torts § 1 (1998)). "One engaged in the business of selling or otherwise distributing products who sells or distributes a defective product ... for harm to persons or property *caused by the defect."* Id. (emphasis added). The Restatement (Third) provides further that a product:

      *       *       *

> (b) is defective in design when the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design by the seller or other distributor, or a predecessor in the commercial chain of distribution, and the omission of the alternative design renders the product not reasonably safe;
>
> (c) is defective because of inadequate instructions or warnings when the foreseeable risks of harm posed by the product could have been reduced or

---

[2] In so finding, the Court recognizes that there is at least one decision in this District, as well as one in each of our two sister Districts in this Circuit, holding that *Beard* is a contrary decision to *Covell* and, thus, the Restatement (Second) of Torts remains the applicable law in Pennsylvania. See Konold, 2012 WL 5381700, *6; Carpenter v. Shu's Bees, Inc., 2012 WL 2740896, *1 (E.D.Pa. July 9, 2012); Sikkelee v. Precision Automotive Corp., __ F.Supp.2d __, 2012 WL 2552243, *9 (M.D.Pa. July 3, 2012). Nonetheless, this Court is aligned with the majority of the District Court decisions in our Circuit that have concluded that *Beard* is not a contrary decision and that the Third Circuit Court's predictive holdings in *Berrier* and *Covell* are binding. See Zollars, 2012 WL 4922689, *3; Lynn, 2012 WL 3544774, *12; Sansom v. Crown Equip. Corp., 2012 WL 3027989 (W.D.Pa. July 24, 2012); Spowal, 2012 U.S. Dist. LEXIS 47614, *1-2; Giehl v. Terex Utilities, 2012 WL 1183719, *9 (M.D.Pa. Apr. 4, 2012); and Shuman v. Remtron, Inc., 2012 WL 315445, *9 n. 10 (M.D.Pa. Feb. 1, 2012).

> avoided by the provision of reasonable instructions or warnings by the seller or other distributor, or a predecessor in the commercial chain of distribution, and the omission of the instructions or warnings renders the product not reasonably safe.

Restatement (Third) of Torts, § 2 (1998). Any alleged defect must be present at the time of sale or distribution. Id.

To establish a prima facie case of design defect under the Restatement (Third) of Torts, a plaintiff must prove the availability of a technologically feasible and practical alternative design that would have reduced or prevented the harm sustained by the plaintiff. Restatement (Third) of Torts § 2, cmt. f. "The test is whether a reasonable alternative design would, at reasonable cost, have reduced the foreseeable risks of harm posed by the product and, if so, whether the omission of the alternative design by the seller ... rendered the product not reasonably safe." Id. As the Third Circuit has recognized, "this standard is remarkably different than that prescribed under the Restatement (Second) of Torts § 402A. As other courts in this circuit have noted, '[the Restatement (Second)] standard focuses on an intended user making an intended use of the product, [whereas the Restatement (Third)] focuses on the foreseeable risks of harm and whether an alternative design could have minimized or eliminated that risk.'" Lynn, 2012 WL 3544774, at *13 n. 14, (citing Giehl v. Terex Utilities, 2012 WL 1183719, at *7 (M.D.Pa. April 9, 2012) (quoting Hoffman v. Paper Converting Mach. Co., 694 F.Supp.2d 359, 365 (E.D.Pa.2010)).

Here, Defendant seeks dismissal of Plaintiffs' strict liability claim, asserting that there is not "any set of circumstances under which a [young child] could be found to be a reasonably foreseeable user, using the subject tweezers in a reasonably foreseeable manner, in order for liability to attached to [Defendant] under the Restatement (Third) of Torts." (ECF No. 14,

9

Defendant's Brief, at p. 11). The Court is unable and unwilling to reach such a conclusion at this early stage of the proceeding.

Plaintiffs have alleged that "[t]he subject tweezers are toy-like in that they are a small object that can be easily gripped by a child and have an attractive, battery-powered light that can be turned on and off," and that "[g]iven the toy-like appearance of the tweezers and the lack of warnings specifically instructing parents to keep the tweezers out of reach, it was entirely foreseeable that a child would handle or use the tweezers." (ECF No. 12, First Amended Complaint, at ¶¶9, 13). In addition, Plaintiffs cite statistics in the complaint "indicating that the number of battery-related emergency department visits for children increased from 2,591 in 1990 to 5,525 in 2009, with the majority of cases involving batteries from household products." (Id. at ¶ 19). Plaintiffs allege further that the design of the lighted tweezers at issue was defective, "such that the button batteries could be easily accessed and removed by anyone, including young children," and that "[m]ultiple alternative designs existed that would have restricted and prevented a child from accessing the battery compartment." (ECF No. 12, First Amended Complaint, at ¶¶ 16, 17). These allegations are sufficient at this stage to support a claim that the alleged risk of harm to children posed by the subject tweezers was foreseeable and could have been reduced or avoided by the adoption of a reasonable alternative design, the omission of which rendered the product not reasonable safe. As a result, Defendant's motion to dismiss Plaintiffs' strict liability claim should be denied.

## III    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's motion to dismiss Plaintiffs' first amended complaint [ECF No. 13] be denied.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: January 24, 2012

cc:    The Honorable Sean J. McLaughlin
       United States District Judge