IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONY AND JENNIE PUNCH, as Parents and Natural Guardians of Lincoln Punch, a minor, and in their own right,<br>　　　　Plaintiffs<br><br>　　v.<br><br>DOLLAR TREE STORES, INC.,<br>　　　　Defendant/Third Party Plaintiff,<br><br>　　v.<br><br>DOLLAR CONNECTION, LTD.,<br>　　　　Third Party Defendant. | Civil Action No. 12-154 Erie<br><br>District Judge Bissoon<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.　RECOMMENDATION**

It is respectfully recommended that Third Party Defendant's motion to dismiss Third Party Complaint [ECF No. 41] be denied.

**II.　REPORT**

　**A.　Relevant Procedural and Factual History**

Plaintiffs Tony and Jennie Punch, as parents and natural guardians of Lincoln Punch, a minor ("Minor Plaintiff"), and in their own right, initiated this civil action against Defendant Dollar Tree Stores, Inc. ("Dollar Tree"), to recover damages for injuries suffered by the Minor Plaintiff after he ingested button batteries that were allegedly contained in a pair of lighted tweezers ("subject tweezers") allegedly purchased from one of Dollar Tree's retail stores. In

1

particular, Plaintiffs claim that the subject tweezers "were dangerous and defective in that they contained button batteries, they failed to restrict access to the button batteries, failed to contain appropriate warnings or instructions, and failed to adequately protect and hold the button batteries." (ECF No. 12, First Amended Complaint, at ¶ 24). Thus, Plaintiffs seek to hold Dollar Tree strictly liable for the sale of the subject tweezers. In addition, Plaintiffs claim that Dollar Tree "was also negligent and careless in selling this product without any warnings or instructions and without alerting customers to the potential dangers of button batteries." (Id. at ¶ 25).

On October 23, 2012, Dollar Tree filed a (partial) motion to dismiss [ECF No. 13], seeking to have Plaintiff's strict liability claim dismissed for failure to state a claim upon which relief may be granted. On April 8, 2013, District Judge Sean J. McLaughlin issued a Memorandum Order [ECF No. 24] adopting this Court's Report and Recommendation [ECF No. 19], and denying Dollar Tree's motion to dismiss.

On January 14, 2014, Dollar Tree filed a third party complaint against Third Party Defendant Dollar Connection, Ltd. ("Dollar Connection"), seeking indemnification and contribution from Dollar Connection in the event Dollar Tree is found liable to Plaintiffs on their underlying claims. [ECF No. 37]. In particular, Dollar Tree alleges that the subject tweezers were manufactured by Dollar Connection and were purchased from Dollar Connection by Dollar Tree's importing affiliate, Greenbrier International, Inc. ("Greenbrier"), pursuant to a purchase order (the "Purchase Order") that contains, *inter alia*, the following provision:

> [Dollar Connection] agrees to indemnify and hold harmless Greenbrier International, Inc., its parents, subsidiaries, and affiliates … (the "indemnified parties") from and against any and all claims, actions, liabilities, damages, losses, costs or expenses (collectively "losses")

> arising from or related to any products provided by [Dollar Connection] to [Greenbrier]. The indemnified losses shall include, without limitation, the losses incurred as a result of … (ii) any actual or alleged death of or injury to any person, damage to any property or any other damage or loss, by whomsoever suffered, claimed to result in whole or in part from the merchandise or any actual or alleged defect in such merchandise whether latent or patent including any alleged failure to provide adequate warnings, labeling or instructions…"

(ECF No. 37, Third Party Complaint, at ¶¶ 11, 13).

According to Dollar Tree, the Purchase Order also contained a provision requiring Dollar Connection to provide and/or cover the cost of the indemnified parties' legal defense, and to maintain a vendor's liability insurance policy covering "Greenbrier International, Inc., Its Parents, Subsidiaries, and Affiliates" as additional insureds. (Id. at ¶¶ 14, 15). In addition, Dollar Tree alleges that Dollar Connection entered into a Continuing Vendor Indemnification Agreement ("CVIA") with Greenbrier on February 21, 2008, which contains indemnification language similar to that of the Purchase Order. (Id. at ¶ 17, 18).

On April 7, 2014, Dollar Connection filed a motion to dismiss Dollar Tree's third party complaint, arguing that it fails to state a claim upon which relief may be granted, and that Dollar Tree has failed to join Greenbrier as a necessary party. Dollar Tree has since filed a brief in opposition to Dollar Connection's motion [ECF No. 45], to which Dollar Connection has filed a reply brief [ECF No. 46]. This matter is now ripe for consideration.

### B. Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit Court has prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

4

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### C. Discussion

#### 1. Sufficiency of Pleading

Dollar Connection seeks dismissal of Dollar Tree's third party complaint, arguing that it does not provide "adequate facts to make a plausible showing that the subject tweezers [were] manufactured by Dollar Connection, triggering any possible obligation under Greenbrier's Purchase Order." (ECF No. 44, Dollar Connection's Memorandum of Law, at p. 6). In particular, Dollar Connection alleges that Dollar Tree first denies that it sold the subject tweezers to Plaintiffs, then seeks a defense and indemnification from Dollar Connection based upon the "speculative premise" that if the subject tweezers were, in fact, sold by Dollar Tree, they "may" have been supplied by Dollar Connection under a Purchase Order dated two years earlier. (Id.). This is a convenient, but not entirely accurate, statement of Dollar Tree's allegations.

While Dollar Tree does deny it sold the subject tweezers to Plaintiffs, it recognizes the possibility that Plaintiffs may be able to prove otherwise. If so, Dollar Tree claims that it is entitled to indemnification from Dollar Connection based on its affirmative, not speculative,

5

allegation that the tweezers were manufactured and supplied by Dollar Connection under the terms of the Purchase Order, which contains the indemnification language upon which Dollar Tree's claim is based. No possible alternative supplier or manufacturer of the subject tweezers is alleged. Thus, any inference that the subject tweezers were manufactured and supplied by someone other than Dollar Connection is, itself, wholly speculative.

Rule 14(a)(1) of the Federal Rules of Civil Procedure simply provides that a defending party may file a third party complaint against "a nonparty who is or *may be* liable for all or part of the claim against it." Dollar Tree's allegations satisfy this standard. As a result, Dollar Connection's motion to dismiss the third party complaint, based on the "speculative" nature of its allegations, should be denied.

### 2. **Indemnification**

Dollar Connection argues that Dollar Tree's claims of indemnity are without basis and are not yet ripe for review. In particular, Dollar Connection contends that it "cannot owe any duty to defend or indemnify Dollar Tree since Dollar Connection is only alleged to have manufactured the subject tweezers," while "Plaintiffs' claims are classic defective design and failure to warn claims, rather than a manufacturing defect claim." (ECF No. 44, Dollar Connection's Memorandum of Law, at p. 7). Thus, Dollar Connection asserts that Plaintiffs' claims "do not trigger the alleged indemnity owed under the Purchase Order…." (Id.). This contention is specious, at best.

"Under Pennsylvania law, indemnity is available only (1) 'where there is an express contract to indemnify,' or (2) where the party seeking to indemnify is vicariously or secondarily

liable for the indemnitor's acts." <u>Allegheny Gen. Hosp. v. Phillip Morris, Inc.</u>, 228 F.3d 429, 448 (3d Cir. 2000), <u>quoting</u> <u>Richardson v. John F. Kennedy Mem'l Hosp.</u>, 838 F.Supp. 979, 989 (E.D.Pa. 1993). Here, Dollar Tree has cited contractual liability under both the Purchase Order and the CVIA, which contains provisions substantially similar to the Purchase Order. The Purchase Order clearly states that Dollar Connection agrees to indemnify Greenbrier and its affiliates (which allegedly includes Dollar Tree) against "(iii) any actual or alleged death of or injury to any person … **claimed to result in whole or in part from the merchandise** or any actual or alleged defect in such merchandise, whether latent or patent, **including any alleged failure to provide adequate warnings, labeling or instructions**…" (ECF No. 37-1, Purchase Order, at p. 36, ¶ 10). Obviously, Plaintiff's claims arise from injuries that are claimed to have arisen, in whole or in part, from the merchandise at issue (the subject tweezers), which Dollar Connection allegedly manufactured. This is enough to potentially trigger the Purchase Order's indemnification provisions in the event Dollar Tree is found liable on Plaintiffs' underlying claims.

Dollar Connection argues further that Dollar Tree's claim for indemnification fails because it is based on the implausible premise that the subject tweezers are the "merchandise" of Dollar Connection. Specifically, Dollar Connection argues that, while Plaintiffs allege that the subject tweezers were sold by Dollar Tree without any packaging, warnings, or instructions, "any tweezers sold by Dollar Connection pursuant to the Purchase Order would have been shipped in a package with warnings and instructions…" (ECF No. 44, Dollar Connection's Memorandum of Law, at p. 8). While this argument raises a material issue of fact as to whether Dollar Connection

7

may ultimately be found liable for indemnification, it does not defeat the legal basis for alleging an indemnification claim against Dollar Connection under Rule 14(a)(1).

Finally, Dollar Connection asserts that Dollar Tree's indemnification claim is not yet ripe because Dollar Tree has not yet been found liable and paid damages to Plaintiffs on their underlying claims. In support of this assertion, Dollar Connection cites the case of <u>Fleck v KDI Sylvan Pools, Inc.</u>, 981 F.2d 107, 122 (3d Cir. 1992), in which the Third Circuit Court recognized that "[i]t is well settled that before any right of indemnification arises, the indemnitee must in fact pay damages to a third party." However, Dollar Connection misconstrues the Third Circuit's statement in this regard, which was made in the context of determining the third party plaintiff's right to **recover** on its indemnification claim against the third party defendant, not its right to **bring** such claim. To construe the statement in the way advocated by Dollar Connection would defeat the underlying purpose of Rule 14, which is "to promote economy by avoiding the situation where a defendant has been adjudicated liable and then must bring a totally new action against a third party who may be liable to him for all or part of the original plaintiff's claim against him." <u>In re: A.T.E. Energy Corp.</u>, 2010 WL 1444847 at *3 (M.D.Pa. Apr. 8, 2010).

Based on the foregoing, Dollar Connection's motion to dismiss Dollar Tree's third party complaint, insofar as it is based on the failure to state a claim of indemnity upon which relief may be granted, should be denied.

### **2.** **Failure to Join Greenbrier as a Necessary and Indispensable Party**

Dollar Connection next argues that the third party complaint should be dismissed based upon Dollar Tree's failure to join Greenbrier as a necessary party, pursuant to Rule 19 of the

Federal Rules of Civil Procedure, which provides, in pertinent part:

    (a) Persons Required to Be Joined if Feasible.

        (1) *Required Party*. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

            (A) in that person's absence, the court cannot accord complete relief among existing parties…

The ability to obtain "complete relief" is determined on the basis of those persons who are already parties, and not through reference to the absent person whose joinder is sought. Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 405 (1993). A party moving to dismiss a complaint based on failure to join a party under Rule 19 bears the burden of showing that the nonparty is both necessary and indispensable. Pittsburgh Logistics Sys., Inc. v. C.R. England, Inc., 669 F.Supp.2d 613, 618 (W.D.Pa. 2009). However, the Court must first decide whether the party is necessary before determining whether it is indispensable. Janney, 11 F.3d at 404; Gen. Refractories Co. v. First v State Ins. Co., 500 F.3d 306, 312 (3d Cir. 2007). If it is determined that the party should be joined as a necessary party, the court must then decide whether the absent party is indispensable. Janney, 11 F.3 at 404. But, if the court finds that the party is not necessary under Rule 19(a), it need not reach the question of whether the party is indispensable. Id.

Here, Dollar Connection argues that Greenbrier is a necessary party because complete relief cannot be accorded among the parties; however, this argument was not substantiated well enough on paper for the Court to have a clear understanding of Dollar Connection's position on this issue. As a result, an oral argument was held before this Court on November 21, 2014,

9

during which counsel for Dollar Tree and Dollar Connection appeared and argued their respective positions, as well as responded to the Court's questions. At this hearing Dollar Connection's counsel essentially argued that, since Greenbrier is a principal party to the Purchase Order containing the indemnification clause on which Dollar Tree's third party complaint is based, it is a necessary party under Rule 19(a). In support of this argument, Dollar Connection cites the case of Fiscus v. Combus Finance, AG, 2007 WL 4164388 (D.N.J. Nov. 20, 2007), for the proposition that direct parties to a contract are always deemed necessary parties. However, the Fiscus case, and the cases cited therein, involved breach of contract claims for which contractual parties are clearly necessary. Here, however, Dollar Tree is not claiming that the Purchase Order was breached, but is, instead, asserting its rights to indemnification under the Purchase Order against the only party to which the indemnification provision applies -- Dollar Connection.

  Moreover, Dollar Tree's counsel has represented that Dollar Tree and Greenbrier are essentially the same entity and, thus, it would not make sense for Dollar Tree to bring suit against itself for indemnification in the event Dollar Tree is found liable to the Plaintiffs on their underlying claims. While Dollar Connection's counsel voiced some suspicions regarding the relationship between Dollar Tree and Greenbrier, he has not engaged in any discovery to clarify that relationship and is merely able to offer suppositions. Dollar Connection's counsel has also raised the possibility that Dollar Tree obtained the subject tweezers, through Greenbrier, from another manufacturer in Hong Kong with whom Dollar Tree has a relationship; however, this is nothing more than unsubstantiated speculation, as well. In either case, the information Dollar

Connection seeks from Greenbrier may be obtained by subpoena, without the need for Greenbrier to be joined as a third party defendant. On the other hand, if Dollar Connection remains adamant that Greenbrier must be joined in this litigation to protect its own interests, then it may file its own fourth-party complaint for indemnification or contribution against Greenbrier directly.

Based on the foregoing, Dollar Connection's motion to dismiss the third party complaint based upon Dollar Tree's alleged failure to join Greenbrier as a necessary party under Rule 19(a) should be denied.

**III    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Third Party Defendant's motion to dismiss Third Party Complaint [ECF No. 41] be denied.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

s/Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
United States Magistrate Judge

Dated: November 24, 2014

cc:    The Honorable Cathy Bissoon
       United States District Judge