IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TONY AND JENNIE PUNCH, as Parents and Natural Guardians of Lincoln Punch, a minor, and in their own right,** )<br>)<br>)<br>)<br>**Plaintiffs** )<br>)<br>v. )<br>)<br>**DOLLAR TREE STORES, INC.,** )<br>**Defendant/Third** )<br>**Party Plaintiff,** )<br>)<br>v. )<br>)<br>**DOLLAR CONNECTION, LTD.,** )<br>**Third Party Defendant/** )<br>**Fourth Party Plaintiff** )<br>)<br>v. )<br>)<br>**GREENBRIER INTERNATIONAL, INC.,** )<br>**Fourth Party Defendant.** ) | **Civil Action No. 12-154 Erie**<br><br>**District Judge Bissoon**<br>**Magistrate Judge Baxter** |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Dollar Tree Store, Inc.'s and Greenbrier International, Inc.'s motion for summary judgment as to Dollar Connection, Ltd. [ECF No. 134], be denied.

### II. REPORT

#### A. Relevant Procedural and Factual History

On July 6, 2012, Plaintiffs Tony and Jennie Punch, as parents and natural guardians of Lincoln Punch, a minor ("Minor Plaintiff"), and in their own right, initiated this civil action against Defendant Dollar Tree Stores, Inc. ("Dollar Tree"), asserting claims of negligence and strict products liability arising from injuries suffered by the Minor Plaintiff after he ingested button batteries that were allegedly contained in a pair of lighted tweezers ("subject tweezers")

allegedly purchased from one of Dollar Tree's retail stores.

On January 14, 2014, Dollar Tree filed a third party complaint against Third Party Defendant Dollar Connection, Ltd. ("Dollar Connection"), seeking indemnification and contribution from Dollar Connection in the event Dollar Tree is found liable to Plaintiffs on their underlying claims. [ECF No. 37]. In its third party complaint, Dollar Tree alleges that, to the extent Plaintiffs prove that they purchased the subject tweezers from Dollar Tree, the tweezers would have been purchased from Dollar Connection by Dollar Tree's importing affiliate, Greenbrier International, Inc. ("Greenbrier"), pursuant to a purchase order dated May 21, 2009 ("Purchase Order"). (ECF No. 37, Dollar Tree's Third Party Complaint, at ¶¶ 10-11). Dollar Tree contends that, pursuant to the terms of both the Purchase Order and a separate Continuing Vendor Indemnification Agreement, Dollar Connection agreed to defend, indemnify, and hold harmless Greenbrier and its parents and subsidiaries against, *inter alia*, claims of death or injury to any person from an alleged defect in the merchandise, or from a failure to warn. (ECF No. 37, Dollar Tree's Third Party Complaint, at ¶¶ 13-14, 16-18). Based on these allegations, Dollar Connection subsequently filed a complaint joining Greenbrier as a Fourth Party Defendant on December 17, 2014. [ECF No. 55].

In the interim, on March 17, 2014, Dollar Tree, Greenbrier, and Arch Insurance Company ("Arch") initiated a declaratory judgment action against Dollar Connection, and its insurers, in the Circuit Court for the City of Norfolk, Virginia ("Virginia Court"), at Civil Action No. CL 14-2111 ("Virginia Action"). [ECF No. 134-7]. In particular, Dollar Tree, Greenbrier, and Arch sought a declaratory judgment that Dollar Connection, and/or its insurers, are "obligated and/or have a duty to reimburse and indemnify [them] for any damages incurred, awarded, or paid to the

underlying plaintiffs by Dollar Tree and that they are further obligated to defend and to pay defense costs [they] have incurred and continue to incur in connection with the underlying lawsuit filed against Dollar Tree, *Punch, et al. v. Dollar Tree Stores*, Civil Action No. 1:12-cv-00154, in the United States District Court for the Western District of Pennsylvania." (ECF No. 134-7, at ¶ 1).

Dollar Connection was properly served with the complaint in the Virginia Action, at its Hong Kong location, on April 29, 2014. [ECF No. 134-8]. On March 9, 2015, a default judgment was entered in the Virginia Action against Dollar Connection, due to its failure to file a responsive pleading within the time allotted by Virginia law (Id.). The Virginia Court subsequently denied Dollar Connection's motion for reconsideration of its Order of default judgment, by letter dated April 27, 2015. [ECF No. 134-9].

On September 30, 2015, Dollar Tree and Greenbrier (hereinafter referred to as the "Moving Parties") filed the instant motion for summary judgment as to Dollar Connection [ECF No. 134], arguing that "Pennsylvania law on claim preclusion mandates that the judgment of the [Virginia Court] be given res judicata in this action," and that judgment be entered against Dollar Connection accordingly. (Id. at ¶ 14). Specifically, the Moving Parties request that this Court enter judgment "that Dollar Connection reimburse and indemnify [them] for any payment of losses or any damages incurred, awarded, or paid to the Plaintiffs and to defend and to pay defense costs that [they] have incurred and continue to incur in connection with this lawsuit." (Id.). Dollar Connection filed a timely response to the motion for summary judgment asserting that the "'judgment' of the [Virginia Court] does not meet the standard for the application of res judicata…." (ECF No. 142, at ¶ 14). The Moving Parties subsequently filed a reply to Dollar

Connection's response [ECF No. 146], to which Dollar Connection has since filed a sur-reply [ECF No. 154]. This motion is now ripe for consideration.

## B. Standard of Review

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the district court must enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (19896). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 quoting Fed.R.Civ.P. 56.

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex, 477 U.S. at 330. See also Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). When a non-moving party would have the burden of proof at trial, the moving party has no burden to negate the opponent's claim. Celotex, 477 U.S. at 323. The moving party need not produce any evidence showing the absence of a genuine issue of material fact. Id. at 325. "Instead, … the burden on the moving party may be discharged by

'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Id. After the moving party has satisfied this low burden, the nonmoving party must provide facts showing that there is a genuine issue for trial to avoid summary judgment. Id. at 324. "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Id. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001); Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (the non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue.").

In considering these evidentiary materials, "courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." Scott v. Harris, 550 U.S. 372, 378 (2007) (internal quotation marks and alterations omitted). See also Doe v. Cnty. of Centre, Pa., 242 F.3d 437, 446 (3d Cir. 2001) (when applying this standard, the court must examine the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson., 477 U.S. at 248, 255 ("only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only

to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 249.

### C. Discussion

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, "'judicial proceedings … shall have the same full faith and credit in every court within the United States … as they have by law or usage in the courts of' the state from which they emerged. Section 1738 'has long been understood to encompass the doctrines of res judicata, or claim preclusion, and collateral estoppel, or issue preclusion.'" R&J Holding Co, v. Redev. Auth. of Montgomery, 670 F.3d 420, 426 (3d Cir. 2011), quoting San Remo Hotel, L.P. v. City & County of San Francisco, 545 U.S. 323, 326 (2005). Thus, it is well-settled that "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City School Dist. Bd. Of Educ., 465 U.S. 75, 81 (1984).

Here, the Moving Parties ask this Court to give full faith and credit to the default judgment issued against Dollar Connection in the Virginia Action, by applying the doctrine of res judicata. It is apparent, however, that the Moving Parties' motion is based upon application of Pennsylvania law regarding the preclusive effect of a default judgment, which holds that "a judgment is deemed final for purposes of res judicata or collateral estoppel unless or until it is reversed on appeal." Shaffer v. Smith, 673 A.2d 872, 875 (Pa. 1994). (ECF No. 146, Moving Parties' Reply, at p. 3). This application is erroneous.

It bears repeating that the preclusive effect of a judgment is determined under the law of the adjudicating state, not the law of the state in which the judgment is sought to be applied. See

O'Leary v. Liberty Mut. Ins. Co., 923 F.2d 1062, 1064 (3d Cir. 1991) (explaining that a district court determining whether res judicata applies because of a state court judgment must look to the law of the adjudicating state). Thus, we must look to Virginia law on this issue. In Virginia, "'a judgment is not final for the purposes of res judicata or collateral estoppel when it is being appealed or when the time limits fixed for perfecting the appeal have not expired.'" Buzzell v. JP Morgan Chase Bank, 596 Fed.Appx. 247, 248 (Mar. 10, 2015), quoting Faison v. Hudson, 243 Va. 413, 417 S.E.2d 302, 305 (1992). Moreover, "the Supreme Court of Virginia has stated that 'in the absence of a statutory provision to the contrary, a judgment is not final for purposes of appeal if it is rendered with regard to some but not all of the parties involved in the case.'" Buzzell, 596 Fed.Appx at 248, quoting Wells v. Whitaker, 207 Va. 616, 151 S.E.2d 422, 432 (1966).

Here, it is apparent that the default judgment at issue was entered in the Virginia Action against Dollar Connection only. [ECF No. 134-8]. As of the date of Dollar Connection's sur-reply in this matter, November 23, 2015, the claims against the remaining defendants in the Virginia Action had not yet been resolved. (ECF No. 154, Dollar Connection's sur-reply, at p. 3). Based on this record, it appears that the default judgment in the Virginia Action is not final for purposes of res judicata, because Dollar Connection may yet appeal the judgment under Virginia law. As a result, the Moving Parties' motion for summary judgment, based upon the application of res judicata, is premature and should be denied, accordingly.

## III    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Dollar Tree Store, Inc.'s and Greenbrier International, Inc.'s motion for summary judgment as to Dollar Connection, Ltd.

[ECF No. 134], be denied.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

        /s/ Susan Paradise Baxter
        SUSAN PARADISE BAXTER
        United States Magistrate Judge

Dated: April 24, 2016

cc:    The Honorable Cathy Bissoon
       United States District Judge