# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY PUNCH, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 12-154E |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | Magistrate Judge Susan Paradise Baxter |
| DOLLAR TREE STORES, INC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

This case has been referred to United States Magistrate Judge Susan Paradise Baxter for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On February 17, 2017, the Magistrate Judge issued a Report (Doc. 216) recommending that: Defendant Dollar Connection's Motion for Summary Judgment Based on Statute of Limitations (Doc. 166) be granted; Defendant Dollar Connection's Motion for Summary Judgment Based on Spoliation (Doc. 167) be denied; Defendant Dollar Connection's Motion for Summary Judgment as to Plaintiffs' Design Defect Claims (Doc. 171) be denied; Defendant Dollar Connection's Motion for Summary Judgment as to Plaintiffs' Failure to Warn Claims (Doc. 174) be granted; and Defendants Dollar Tree and Greenbrier's Motion for Summary Judgment (Doc. 177) be granted in part and denied in part, as described in the Report. Service of the Report and Recommendation was made, and the parties have filed Objections. *See* Docs. 217, 218 & 219.

The parties' Objections are OVERRULED. The Magistrate Judge's Report is thorough and well-reasoned, and it rejects, explicitly or by implication, all of the arguments presented in

the parties' Objections.  The Court nevertheless feels obliged to observe that Plaintiffs' evidence, and lack thereof, regarding causation nearly resulted in a grant of summary judgment, *in toto*, for Defendants.  *See generally* Report at 2-3 (summarizing record-events at time of accident, and revealing little competent evidence regarding precisely what transpired in the vicinity, where only Plaintiffs' small children, and no adults, were present).  Indeed, were it not for the relatively-lenient standards applicable on summary judgment, the Court's ruling very well could have been different.  Simmons v. Simpson House, Inc., 2016 WL 7209931, *4 (E.D. Pa. Dec. 12, 2016) ("[b]ecause the issue of proximate cause is inherently fact-based, causation is generally a question of fact for the jury," and only when "it is <u>clear that reasonable minds could not differ</u> on the issue" may "the issue of causation . . . be removed from the trier of fact[]") (applying Pennsylvania law, citation to quoted sources omitted, emphasis added); *accord* Turturro v. U.S., 629 Fed. Appx. 313, 320 (3d Cir. Oct. 9, 2015) (holding same, citations omitted).  And while Plaintiffs' evidence does not quite succumb under the "no reasonable juror" standard, the question is, in this Court's estimation, likely closer than Plaintiffs and their lawyers may anticipate.

The Court also is troubled by the seeming implausibility of certain of the Plaintiff-parents' statements and positions, as relates to causation.  *Compare, e.g.*, Report at 4 (summarizing parents' testimony that "the tweezers were stored on a shelf[,] above the dishwasher[,] in a hall closet") *with, e.g.*, Dollar Connection's Objs. (Doc. 218) at 19 (Plaintiffs' insistence on this version of events lends to a causation-theory that "3-year-old Jenna Punch must have gone into the house, unattended, and for the time that her mother was in the bathroom, searched for and found a step stool in the kitchen, took the step stool to the closet door in the

2

kitchen, opened up the closet door, climbed up onto the step stool to locate the tweezers, located the tweezers, climbed down from the step stool, walked into the living room, and in some unknown way and for some unknown reason, removed the batteries from the tweezers and then fed . . . two of the batteries to Lincoln Punch").[1] Similarly concerning are the apparent inconsistencies in Plaintiffs' positions, that, while logically plausible, strain credulity in a big-picture view. *Compare, e.g.*, Report at 3, 5 (summarizing father's assertions that he knew that button-batteries were a swallowing-hazard, and that within a couple days after the accident, he threw away the subject tweezers, the remaining button-battery and several other household items containing button-batteries, for the sake of his children's safety) *with id.* at 23 (summarizing Plaintiffs' testimony that they were not aware the tweezers contained button-batteries, and the father's stated-belief that the tweezer-light was powered by AA or AAA sized batteries). Given the Plaintiff-father's stated belief that the tweezers contained AA or AAA batteries, as opposed to button-batteries, the parents' insistence that the tweezers were kept out-of-reach is at least somewhat perplexing.

Although ultimately for a jury to decide, a common thread that may be perceived is a willingness to say whatever will help the case, or, in the context of this undoubtedly tragic and life-altering event, to alleviate potential feelings of guilt or remorse. How a jury might react to

---

[1] A seemingly far more credible explanation would be that an adult accidentally or unwittingly left the tweezers, in an assembled or disassembled state, somewhere within the reach of children. Such a concession, or even an admission that it is within the realm of possibility, would not appear to necessarily bar some or all of Plaintiffs' legal claims. In any event, the Plaintiffs' testimony is their testimony, and the Court stands by the summary-judgment rulings herein.

3

such a perception, whether slight or considerable, is anyone's guess, and the gravity of the parties' risk-assessment could not be greater.[2]

In the end, these observations do *not* undermine the conclusion that summary judgment is inappropriate to the extent that Defendants' Motions will be denied. Rather, they are offered for the purposes of adjusting and/or clarifying the expectations of Plaintiffs and their lawyers, and to provide a realistic evaluation, from an objective and neutral standpoint, regarding the strengths and weaknesses of this case.

Consistent with the foregoing, and after a *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation and the Objections thereto, the following Order is entered:

Defendant Dollar Connection's Motion for Summary Judgment Based on Statute of Limitations (**Doc. 166**) is **GRANTED**; Defendant Dollar Connection's Motion for Summary Judgment Based on Spoliation Doc. (**Doc. 167**) is **DENIED**; Defendant Dollar Connection's Motion for Summary Judgment as to Plaintiffs' Design Defect Claims (**Doc. 171**) is **DENIED**; Defendant Dollar Connection's Motion for Summary Judgment as to Plaintiffs' Failure to Warn Claims (**Doc. 174**) is **GRANTED**; and Defendants Dollar Tree and Greenbrier's Motion for Summary Judgment (**Doc. 177**) is **GRANTED** as to Plaintiffs' failure to warn claims sounding in strict liability and negligence; and it is **DENIED** as to Plaintiffs' negligent and strict liability design defect claims, and as to spoliation. The Magistrate Judge's Report and Recommendation is adopted as the Opinion of the District Court.

---

[2] As Plaintiffs' lawyers undoubtedly have counseled their clients, the potential outcome of a jury trial in this case ranges from a multi-million dollar award to a finding of no liability, and "zero."

IT IS SO ORDERED.

March 29, 2017						s\Cathy Bissoon
							Cathy Bissoon
							United States District Judge

cc (via ECF email notification):

All Counsel of Record